**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **A.S. LEE FERNANDEZ** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7964** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(2)** |

**ORDER & REASONS**

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 5).  For the following reasons, the Plaintiff's motion is GRANTED.

**I.      BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's property at  8132 Breakwater Drive, Boathouse 94, in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina.  The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[1] the Plaintiff's homeowner's insurance carrier, Carl Mixon, a State Farm agent, and Global Security Assessments, LLC.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana.  The Plaintiff alleges that he is entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.  The Plaintiff also alleges that Mixon negligently failed to procure adequate insurance coverage.

State Farm removed this case to federal court on October 12, 2006, contending that this

---

[1]  The Defendant was improperly named as State Farm Insurance Company in the petition.

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under 28 U.S.C. § 1332, because Mixon and Global Security Assessments are improperly joined and the amount-in-controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369.  On November 14, 2006, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.     Diversity Jurisdiction

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, State Farm contends that diversity jurisdiction exists because the non-diverse defendants were improperly joined and, therefore, that the Court must disregard the citizenship of these defendants.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201,

2

205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

State Farm asserts that the Plaintiff's claims against Mixon are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, his claim must be dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, his claim must be dismissed.  State Farm argues that both the one-year and three-year peremptive periods commenced when the Plaintiff's policy was issued in 1999.  Without further factual development, however, the Court cannot conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case.  *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  Accordingly, the Court finds that Mixon was not improperly joined and, thus, that diversity jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No.

06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[2]

**B.     Multiparty, Multiforum Trial Jurisdiction Act**

State Farm also asserts that federal jurisdiction exists under the Multiparty, Multiforum

Trial Jurisdiction Act ("MMTJA").  State Farm contends that removal was proper (1) pursuant to

28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district

court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the

Defendants are parties to other actions in this district which were or could have been brought

under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving

minimal diversity between adverse parties that arises from a single accident, where at least 75

natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The

Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over

cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not

occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006

WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-

3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins.

Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and

finds that the MMTJA does not confer federal jurisdiction in this case.

---

[2]  Having found that Mixon was properly joined, thus destroying diversity of citizenship, the Court need not determine whether Global Security Assessments, LLC was properly joined.

**III.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is

GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish

of Orleans, State of Louisiana.


New Orleans, Louisiana, this _ 12th _ day of _ February _, 2007.

_____

UNITED STATES DISTRICT JUDGE